```
                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF OHIO
                         WESTERN DIVISION
```

DONALD HORTON,                 :
                               :    No. 1:11-CV-90
     Plaintiff,                :
                               :
     v.                        :    **OPINION AND ORDER**
                               :
Commissioner of Social         :
Security,                      :
                               :
     Defendant.                :
                               :

This matter is before the Court on the Magistrate Judge's June 15, 2011 Report and Recommendation (doc. 10) and Plaintiff's Objections (doc. 12). For the reasons indicated herein, the Court REJECTS the Magistrate Judge's Report and Recommendation, DENIES Defendant's Motion to Dismiss (doc. 6), APPOINTS James Roy Williams, Esq. as counsel for Plaintiff, and GRANTS Plaintiff leave to file his application for benefits out of time, upon the advice and with the assistance of his newly-appointed attorney.

**I. Background**

Plaintiff's pro se complaint, filed on February 17, 2011, is not easy to parse. Through it, Plaintiff does clearly ask for help in resolving an issue involving his social security number; he alleges that someone else has been using his number and collecting Social Security Insurance ("SSI") benefits that rightly belong to him since sometime either in the 1980s or in 1998, and he asks for assistance in clearing up this confusion so he can collect the benefits himself (doc. 3). Beyond that, the complaint is

significantly less clear.  He claims that he applied in 2007 for SVB benefits (Special Veterans Benefits), not SSI benefits, and was told again that someone else was using his social security number. He asks for someone to check into the social security records in Maryland, where someone else is allegedly using his number, and for someone to check with Senator Voinovich's office.  In an exhibit to his complaint, Plaintiff alleges that the Administrative Law Judge ("ALJ") changed his application from "SSI to SS," and that the ALJ "abused his power."  He also appears to allege that the ALJ engaged in a cover up of a hate crime, possibly the attack on Plaintiff's father that happened in the 1950s by the KKK.

Defendant has moved to dismiss Plaintiff's complaint on the basis that it was untimely filed (doc. 6).  In an exhibit to the motion to dismiss, Defendant attached a declaration providing more information about this case.  According to that declaration, on June 19, 2006, Plaintiff applied for disability benefits for a time of alleged disability between 1981 and 1986, which claim was denied, denied again on appeal, and denied by the ALJ.  The exhibit also includes the decision of the ALJ.  The ALJ concluded that, based on the medical record, Plaintiff was not under a disability at any time from December 1, 1981, the alleged onset date, through December 31, 1986, the date last insured.  Specifically, the ALJ noted that Plaintiff's lower back pain had merited only a 10% disability rating from the Board of Veteran's Appeals during the

time period at issue, though that rating did increase in 1995, well outside that time period. He also noted that Plaintiff had produced no evidence regarding any mental limitations and that the first clear documentation of PTSD in the record occurred in 2008, again well outside the applicable time frame of 1981-1986. According to the record before the ALJ, Plaintiff's claim for service-related PTSD was denied in 2002, and no medical records supported Plaintiff's allegation that he was treated for PTSD in the 1980s. The ALJ found that Plaintiff was capable of performing the work of a kitchen aide during the 1981-1986 time period and that, in fact, Plaintiff did perform that work during that time period. In short, the ALJ found no disability during the 1981-1986 time period.

Plaintiff appears to have asked the Appeals Council to review the ALJ's decision, which request was denied. It is uncontested that, on September 24, 2010, Defendant mailed to Plaintiff a Notice of Appeals Council Action, in which Defendant explained why the request was denied and notified Plaintiff that he had 60 days from the receipt of the Notice in which to file a civil action in federal court. Plaintiff filed the instant action on February 17, 2011, approximately two months outside the allowed 60 days. Defendant then moved to dismiss Plaintiff's complaint on the bases that it was untimely filed and that Plaintiff neither had requested an extension of time from the Appeals Council nor

presented any basis for the Court to extend the 60-day deadline.

Shortly after Defendant filed his motion to dismiss, Plaintiff filed a motion for summary judgment, which the Magistrate Judge rightly concluded was more properly a response to Defendant's motion to dismiss and not a true motion for summary judgment. In that response, which is as difficult to comprehend as his complaint, Plaintiff referenced his 1998 application for benefits, which he claims he was not allowed to appeal because the records showed that someone was claiming his benefits already (doc. 9). He also noted that he contacted Secretary of State Clinton and Senator Sherrod Brown about this problem in 2010 and about his allegations that the ALJ engaged in "discriminatory practices when he destroyed" Plaintiff's 1998 records, which, again, Plaintiff alleges was done to cover up a hate crime. He also requested that the matter be turned over to the Department of Justice. In his exhibits to his response, Plaintiff included copies of various correspondence between him and the U.S. Senators from Ohio regarding his application, his appeal, and his concerns about the ALJ; he also included a copy of his birth certificate, which shows a date of birth of July 15, 195<u>1</u>, rather than a 19<u>49</u> birth date, the one apparently on record with the Social Security Administration for Plaintiff.

**II.  The Magistrate Judge's Report and Recommendation & Plaintiff's Objections**

The Magistrate Judge recommends that Defendant's motion to dismiss be granted because Plaintiff's civil action in this matter was filed outside the 60-day time limit.  She noted that neither Plaintiff's response to Defendant's motion nor the documents he attached as exhibits demonstrates why Plaintiff failed to timely file this civil action or speaks to why the deadline should be equitably tolled.

Plaintiff's objections to the Magistrate Judge's Report and Recommendation similarly do not address his failure to timely file this action (doc. 12).  Instead, he claims that his civil rights were violated and that, by virtue of the Americans with Disabilities Act, the ALJ should have ensured that Plaintiff was represented by counsel throughout the proceedings at issue.  He further insists that the matter should now be turned over to the President of the United States and to the Civil Rights Division of the Department of Justice.  He again attaches as exhibits certain correspondence from Ohio's Senators, on which he has noted his comments, many referencing the 1998 "cover up."

**III. Discussion**

It is evident to the Court, merely by reading Plaintiff's filings in this case, that Plaintiff is incapable of effectively representing himself in his pursuit of federal benefits.  His filings clearly indicate that he does not understand the proper

procedures for obtaining relief. For example, the complaint itself is a plea for assistance with the problem of someone else claiming his benefits; it presents no cogent position regarding the ALJ's decision that Plaintiff was not disabled between 1981 and 1986. Similarly, his response to Defendant's motion to dismiss and his objections to the Magistrate Judge's report indicate that he believes that his avenue for relief lies with federal lawmakers or the President rather than with the Court. Based on his drafting, it appears that Plaintiff suffers from, at minimum, learning disabilities that dramatically affect his ability to communicate in writing, and it seems as though he may also suffer from other cognitive disabilities given his apparent difficulties in prosecuting this matter and in coherently responding to the issues presented by this case. In short, Plaintiff plainly needs an attorney to assist him in his pursuit of federal benefits.

The Court notes that Plaintiff was advised by the ALJ that he should secure the services of an attorney and that the proceedings before the ALJ were continued more than once to allow Plaintiff time to do so. The record does not show why Plaintiff did not find an attorney, but it is clear to the Court that justice requires that an attorney be found for Plaintiff.

Because it is clear that Plaintiff's pro se representation was woefully ineffectual, the Court concludes that equitable tolling of the 60-day deadline is appropriate in this

case.  The deadline for obtaining review of Social Security benefits decisions in the district court, 42 U.S.C. § 405(g), is not jurisdictional and application of a "traditional equitable tolling principle" to the 60-day requirement of § 405(g) is fully "consistent with the overall congressional purpose" and is "nowhere eschewed by Congress."  Bowen v. City of New York, 476 U.S. 467, 478 and n.10, 480 (1986) (internal citations omitted).  When determining whether equitable tolling should apply we must consider the following factors: "(1) the petitioner's lack of [actual] notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim." Cook v. Commissioner of Social Security, 480 F.3d 432, 437 (6th Cir. 2007).  Equitable tolling generally "applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." Graham-Humphreys v. Memphis Brooks Museum of Art, 209 F.3d 552, 560-61 (6th Cir. 2000).

Here, it appears to the Court that Plaintiff's failure to meet the 60-day deadline arose from cognitive and learning challenges that are beyond his control.  He evidently completely misapprehends the role of the courts and the legislative branches with respect to his federal benefits, which misapprehension has resulted in him not

effectively representing himself throughout these proceedings. Equity requires that he be given an opportunity to secure benefits with the assistance of counsel.[1]

Consequently, the Court REJECTS the Magistrate Judge's Report and Recommendation (doc. 10) and DENIES Defendant's Motion to Dismiss (doc. 6). The Court believes strongly that this Plaintiff, a veteran, should be given every opportunity to pursue an entitlement to benefits if warranted. Therefore, this Court appoints James Roy Williams, Esq., of Young, Revermen & Mazzei, 1014 Vine Street, Suite 2400, Cincinnati, Ohio 45202, (513) 721-1200 to represent Plaintiff Donald Horton. Mr. Williams is charged to take whatever measures are necessary to protect and assure Plaintiff's rights, assuming counsel concludes that Plaintiff's claim is meritorious. We GRANT Plaintiff leave to re-file his appeal of the ALJ's decision with respect to his application for benefits from 1981-1986 out of time, upon the advice and with the

---

[1] This decision is not inconsistent with the Commissioner's regulations regarding extending the deadline for applicants when applicants request the same from the agency. See, e.g., 20 C.F.R. §§ 404.911, 416.1411 ("(a) In determining whether you have shown that you had good cause for missing a deadline to request review we consider--(1) What circumstances kept you from making the request on time...(3) Whether you did not understand the requirements of the Act resulting from amendments to the Act, other legislation, or court decisions; and (4) Whether you had any physical, mental, educational, or linguistic limitations (including any lack of facility with the English language) which prevented you from filing a timely request or from understanding or knowing about the need to file a timely request for review.").

assistance of his attorney, no later than 60 days after meeting with Mr. Williams and securing his services.

SO ORDERED.


Dated: November 9, 2011        /s/ S. Arthur Spiegel
                               S. Arthur Spiegel
                               United States Senior District Judge